IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edward A. Bockrath,  Case No. 3:07CV00784

          Plaintiff,

v.  ORDER

General Motors,

          Defendants.

This is a tax levy case in which the plaintiff, Edward Bockrath, has sued his employer, General Motors [GM]. Plaintiff alleges that GM breached its contractual duties to him when it garnished his wages pursuant to a "Notice of Levy of Wages, Salary and Other Income" issued by the Internal Revenue Service [IRS]. Plaintiff's allegations incorporate violations of various federal statutes.

Plaintiff originally filed his complaint in the Court of Common Pleas of Putnam County, Ohio. Defendants timely removed the case to this court. Pending is plaintiff's motion to remand to state court. For the following reasons, plaintiff's motion shall be denied.

**Factual Background**

On or about November 21, 2005, GM received a Notice of Levy from the IRS, at which point it began to regularly deduct money from plaintiff's pay. Plaintiff contends that the deductions,

amounting to 92% of his net income, constitute a breach of contract and conversion by GM under Ohio law and violate federal Internal Revenue statutes.

Based on plaintiff's allegations that defendant violated 26 U.S.C. §§ 6331, 6402, 6502, and 28 U.S.C. §§ 3101-3105 and § 3205,[1] defendant removed this case to this court. Defendant asserts that although plaintiff presents state law claims of conversion of personal property and breach of contract, these claims necessarily arise from plaintiff's argument that the IRS levy was invalid and that defendant, therefore, could not have lawfully honored that levy. Plaintiff concedes that federal law must be consulted to establish his case, but contends that his complaint raises no substantial federal issues.

Because the complaint raises a substantial federal issue, plaintiff's motion to remand shall be denied.

## Discussion

A party may remove a civil case from state court to federal court when the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal question jurisdiction exists for cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiffs pleading a federal cause of action invoke federal question jurisdiction. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

The Supreme Court also recognizes "another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction," in which a federal court has jurisdiction over "state-

---

[1] In his original and amended complaints, plaintiff alleged that defendant violated various federal statutes. I could not verify many of plaintiff's citations. This list of statutes is derived from defendant's Notice of Removal. [Doc. 1, ¶ 3.] Even if this list is incomplete or inaccurate, however, my conclusion would remain the same: plaintiff's complaint relies on an interpretation of federal tax law, and therefore raises a substantial federal issue.

law claims that implicate significant federal issues." *Id*. (citation omitted). Under this variant, a federal court may adjudicate a state law claim if the claim raises a substantial federal issue, and if federal jurisdiction does not disturb Congress's intended balance of federal and state powers. *Id*. at 314.

Plaintiff's complaint alleges that defendant violated various IRS procedures relating to the seizure of property for tax collection purposes. He also claims that defendant violated other federal procedural debt collection statutes.

Defendant's liability for breach of contract and conversion depends on whether the IRS's Notice of Levy gave the defendant the authority to garnish plaintiff's wages. Deciding this question requires me to interpret federal statutes and apply them to the facts of this case.

In adopting 28 U.S.C. § 1340, Congress specifically provided for original district court jurisdiction in cases "arising under any Act of Congress providing for internal revenue." This court's exercise of jurisdiction over this case does not disturb the balance of powers between state courts and federal courts because Congress intended for proceedings concerning internal revenue to be heard in the federal courts. As the Supreme Court stated in *Grable*, "[t]he Government has a strong interest in the prompt and certain collection of delinquent taxes." 545 U.S. at 315 (internal quotation marks omitted).

Because this case presents a substantial federal issue, I need not currently decide whether plaintiff's complaint specifically alleges federal or state claims. *See id*. at 312. Thus, it is appropriate for this case to remain in federal court.

**Conclusion**

For the foregoing reasons, it is

ORDERED THAT plaintiff's motion for remand be, and the same hereby is denied. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and shall not be allowed without prepayment of the requisite filing fee.

So ordered.

                                        s/James G. Carr
                                        James G. Carr
                                        Chief Judge