IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edward A. Bockrath,                       Case No. 3:07CV784

       Plaintiff

    v.                                            ORDER

General Motors/Delphi Corp.,

       Defendant

      This is a suit by an employee, Edward J. Bockrath, against his employer, General Motors [GM]. Plaintiff claims that GM breached contractual and fiduciary duties when it garnished his wages in accordance with a "Notice of Levy of Wages, Salary and Other Income" served on GM by the Internal Revenue Service [IRS]. The plaintiff contends, *inter alia*, that the Revenue Officer responsible for the suit had no authority to serve the levy.[1]

      Pending is GM's motion for summary judgment. [Doc. 14]. For the reasons that follow, the motion shall be granted.

## Background

      The IRS began serving levies on the plaintiff's earnings in the Fall of 2005. GM honored the levies, garnishing plaintiff's wages and tendering those amounts to the IRS as directed by the notices of levy.

---

[1] Plaintiff also renews his contention, which I have previously rejected, that this court lacks jurisdiction over his suit. [Doc. 12 (Order denying plaintiff's motion to remand)]. For the reasons stated in that Order, plaintiff's jurisdictional challenge has no merit.

As noted, the plaintiff, manifesting a comprehension of the law and mind set commonly found among tax protestors, claims that the Revenue Officer who signed the notices had no authority to do so. He has other contentions and claims, none of which have any merit in the law whatsoever.

**Discussion**

Section 6332 of Title 26 of the U.S. Code, which prescribes the duties of a party served with an IRS levy, likewise protects those who, like GM in this case, have complied with their obligations under the statute. Section 6332 discharges a party complying with that section from any obligation or liability to anyone, including the plaintiff.

The Sixth Circuit has upheld the protection extended to employers who have honored an IRS notice of levy. *See Johnson v. A.T.&T.*, 1997 WL 144208, *1 (C.A.6) (Unreported decision) (employer honoring a levy "is absolved of any liability" to its employee).

GM, as required by law, "simply fulfilled its obligation pursuant to 26 U.S.C. § § 6321 and 6322 in honoring the IRS levy against plaintiff's wages." *Id*. (citing *U.S. v. General Motors Corp.*, 929 F.2d 249, 251 (6th Cir. 1991)).

If GM had not done so, it would be liable for nonpayment as directed by the notice of levy. *See Howell v. Wayne County Airport Authority*, 2004 WL 1535615, *1 (E.D. Mich) (noting that 26 U.S.C. § 6332(d) imposes personal liability on entities that fail to honor levies).

Setting aside the fact that plaintiff has not established that the Revenue Agent lacked authority to issue the notice, or that the notice otherwise was not valid, lawful, and enforceable, the simple fact remains that plaintiff's quarrel [if he in fact has a legally cognizable quarrel] is with the IRS, not GM. The recipient of a notice of levy should not be put to the task and test of questioning

2

the *bona fides* of process received from the IRS simply because an employee claims that the process is defective.

To view the situation otherwise would require GM to involve itself in a fight in which it has no stake or interest, and which, if it undertook such fight, would expose it to liability to the government.

The government's actions bear all the hallmarks and indicia of legitimacy. The plaintiff's, none.

Under these circumstances, GM's acts are as reasonable as they are lawful and proper. There is no merit whatsoever to the plaintiff's suit, and GM's motion for summary judgment shall be granted.

In *Johnson, supra*, the Sixth Circuit held that claims similar to those being made by the plaintiff here were "clearly meritless" and "frivolous, unreasonable and without foundation." 1997 WL at *2. The court awarded attorneys' fees and costs to the employer. *Id*.

The same result appears appropriate here.

GM shall file a statement of the fees and costs it has incurred in defending this utterly worthless and futile suit.

The plaintiff shall be granted leave to show cause why the fees and costs, as requested, should not be granted under this court's inherent authority to sanction litigants who bring and maintain suits that have no basis in the law. *See generally Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 513 (6th Cir. 2002).

Plaintiff's failure to respond, or to show cause as required herein, shall result in entry of a judgment for the fees and costs as requested by GM.

## Conclusion

The plaintiff's suit has no merit. Moreover, because he persists in viewing the law not as it is, but as he mistakenly thinks it ought to be, he should also be called on to show why he should not compensate GM for the expense which it has borne unnecessarily as a result of his misconduct.

It is, therefore,

ORDERED THAT:

1. Defendant's motion for summary judgment [Doc. 14] be, and the same hereby is granted; and

2. Defendant file its petition for attorneys fees and costs by November 15, 2007; plaintiff show cause by December 30, 2007, why this court should not exercise its inherent authority to sanction egregious misconduct by awarding defendant its fees and costs; defendant reply by January 15, 2008, including with its reply a statement of the additional fees and costs incurred in the further proceedings resulting from this aspect of these proceedings.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge