IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edward J. Bockrath,                  Case No. 3:07CV784

    Plaintiff

v.                                             ORDER

General Motors Delphi Corp.,

    Defendant

      This is a suit by an employee, Edward J. Bockrath, against his employer, General Motors [GM]. Plaintiff claimed that GM breached its contractual and fiduciary duties when, in response to and compliance with an IRS Notice of Levy, it garnished plaintiff's wages.

      Because plaintiff's claims had no merit whatsoever, I granted GM's motion for summary judgment. [Doc. 18]. I noted that plaintiff "persists in viewing the law not as it is, but as he mistakenly thinks it ought to be." I ordered the plaintiff to show cause why he should not compensate GM for the attorneys' fees and costs it bore unnecessarily as a result of his misconduct. *Id*.

      GM filed a petition for an award of fees and costs, seeking fees and costs in the amount of $10,714.13. [Doc. 19]. In addition, as also authorized by me, it seeks compensation for having to prepare its fee petition. GM seeks a total award of fees and costs of $11,678.50. [Doc. 23].

Plaintiff opposes the motion on the sole ground that, because he filed his suit in state court, no sanctions can be awarded under Rule 11, even after removal of the case to federal court. [Doc. 22].

As GM's reply notes, plaintiff – once again – misperceives and misstates the law. Rule 11 is a proper basis on which to impose sanctions following removal of a case from state to federal court. *See, e.g., Griffen v. City of Oklahoma City*, 3 F.3d 336 910, 340 (10th Cir. 1993). In any event, even if plaintiff were correct, that would not matter: if Rule 11 does not apply, this court retains inherent power to santion litigant misconduct under 28 U.S.C. § 1927. *See generally Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

Plaintiff's conduct was as egregious as it was unfounded and unwarranted. The amounts spent by GM in responding to that misconduct were reasonable, and far from excessive.

An award of sanctions as sought by GM is fully appropriate. It is, accordingly,

ORDERED THAT the Defendant's Petition for an Award of Attorneys' Fees and Costs in the amount of $11,678.50 be, and the same hereby is granted.

The Clerk shall enter judgment in favor of the defendant and against the plaintiff in accordance with this order.

Further, the Court certifies, pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge